Slip Op. 18-154

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| U.S. AUTO PARTS NETWORK, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, SECRETARY KIRSTJEN NIELSEN, and CHIEF FREDERICK J. EISLER, III,<br><br>    Defendants. | Before: Jennifer Choe-Groves, Judge<br><br>Court No. 18-00068 |

**OPINION**

[Granting Defendants' motion to dismiss and denying Plaintiff's motion for default judgment.]

Dated: November 8, 2018

Barry F. Irwin, Christopher D. Eggert, Iftekhar A. Zaim, and Reid P. Huefner, Irwin IP LLC, of Chicago, IL, appeared for Plaintiff U.S. Auto Parts Network, Inc.

Beverly A. Farrell and Monica P. Triana, Trial Attorneys, and Amy M. Rubin, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, N.Y., appeared for Defendants United States, U.S. Department of Homeland Security, Secretary Kirstjen Nielsen, and Chief Frederick J. Eisler, III.  With them on the brief were Joseph H. Hunt, Assistant Attorney General, and Jeanne E. Davidson, Director.

    Choe-Groves, Judge:  Plaintiff U.S. Auto Parts Network, Inc. ("U.S. Auto") imports vehicle repair parts.  U.S. Auto initiated this action to contest the imposition of an enhanced single entry bond requirement assessed at three times the amount of the entire shipment value on each container of merchandise imported by U.S. Auto ("SEB Requirement") at the Port of Norfolk, which U.S. Customs and Border Protection ("Customs") mandated in response to

Plaintiff's continued importation of goods alleged to infringe trademarks in violation of 15 U.S.C. § 1124 (2012) and 19 U.S.C. § 1526(e). The SEB Requirement, enforced against each of U.S. Auto's shipments, resulted in a single entry bond totaling approximately $9 million at the time of imposition. This was in contrast to the previous continuous bond of $200,000 for all of U.S. Auto's annual shipments. The court has jurisdiction pursuant to 28 U.S.C. § 1581(i)(4).

## PROCEDURAL HISTORY

The court presumes familiarity with the facts of this case. See U.S. Auto Parts Network, Inc. v. United States, 42 CIT __, 307 F. Supp. 3d 1373 (2018) ("U.S. Auto I") (granting in part temporary restraining order); U.S. Auto Parts Network, Inc. v. United States, 42 CIT __, 319 F. Supp. 3d 1303 (2018) ("U.S. Auto II") (granting preliminary injunction). The court issued a preliminary injunction on May 25, 2018, which enjoined Defendants' enforcement of the SEB Requirement, required Defendants to process all of Plaintiff's backlogged shipping containers, and required the release of Plaintiff's imports not implicated in the underlying trademark infringement allegations. See U.S. Auto II, 42 CIT at __, 319 F. Supp. 3d at 1311–12.

The Parties notified the court on August 13, 2018 that the Port of Norfolk had released all containers to U.S. Auto. See Pl.'s Status Report 4, Aug. 13, 2018, ECF No. 80; Defs.' Status Report 1, Aug. 13, 2018, ECF No. 78. U.S. Auto represented also that the company stopped importing goods through the Port of Norfolk. See Pl.'s Status Report 4, Aug. 13, 2018, ECF No. 80. The court set an expedited briefing schedule on the merits of the case. See Notice from the Court, Aug. 15, 2018, ECF No. 81.

Before the court are cross-motions filed by the Parties. Plaintiff filed a Motion for Default Judgment, contending that Defendants failed to respond to the complaint and that Plaintiff is entitled to a default judgment pursuant to USCIT Rule 55(a). See Pl.'s Mot. Default

J. 4, Aug. 22, 2018, ECF No. 82. Defendants filed a Motion to Dismiss under USCIT Rule 12(b)(6), alleging, *inter alia*, that U.S. Auto's claims are moot due to events occurring after U.S. Auto filed its amended complaint. See Defs.' Mot. Dismiss, Aug. 22, 2018, ECF No. 83; see also Mem. L. Supp. Defs.' Mot. Dismiss 6–7, Aug. 22, 2018, ECF No. 83 ("Defs.' Mot."). For the following reasons, the court grants Defendants' motion and dismisses this action. Plaintiff's motion is denied as moot.

## ANALYSIS

The court addresses first Defendants' Motion to Dismiss. Defendants contend that Counts I and II of Plaintiff's complaint, which allege harm under the Administrative Procedure Act, should be dismissed as moot. See Defs.' Mot. 6. Defendants argue that Counts III and IV of Plaintiff's complaint, which allege harm under the Eighth and Fifth Amendments respectively, should be dismissed as legally insufficient. See id. at 6–7.

An Article III court has authority only over actions in which there is a live case or controversy. Liner v. Jafco, Inc., 375 U.S. 301, 306 (1964); 3V, Inc. v. United States, 23 CIT 1047, 1049, 83 F. Supp. 2d 1351, 1352–53 (1999). If a claim does not meet the criteria set forth in Article III of the U.S. Constitution, then the court must dismiss the claim as non-justiciable.

### I.     Plaintiff's Claims as to Past Shipments

A claim is non-justiciable if it is moot, which occurs when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. Chafin v. Chafin, 568 U.S. 165, 172 (2013); Los Angeles County v. Davis, 440 U.S. 625, 631 (1979). A case becomes moot when (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur, and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. Davis, 440 U.S. at 631. A cause of action

becomes moot, for instance, when the relief sought has been attained.  See Int'l Custom Prods., Inc. v. United States, 29 CIT 1292, 1297 (2005).

U.S. Auto's complaint alleges four causes of action pursuant to the Administrative Procedure Act, the Eighth Amendment's Excessive Fines Clause, and the Fifth Amendment's Due Process Clause.  See Am. Verified Compl. ¶ 22, Apr. 5, 2018, ECF No. 17.  The complaint requests both injunctive and monetary relief.  See id. at ¶¶ A–H.  Although U.S. Auto cites three different legal bases to support its claims, U.S. Auto's entire case stems from Customs' imposition of the SEB Requirement with respect to numerous entries made at the Port of Norfolk, which Customs has stopped enforcing since the initiation of this action.  Customs has released, furthermore, all backlogged containers to Plaintiff.  U.S. Auto has received its requested relief.  Because there is no reasonable expectation that the alleged violation will recur, and because the effects of the alleged violation no longer exist, Plaintiff's case is moot.

**II.     Plaintiff's Claims as to Future Shipments**

A claim is also non-justiciable if it is not ripe for judicial resolution, which requires the court to evaluate two factors: (1) the fitness of the issues for judicial decision, and (2) the hardship to the parties of withholding court consideration.  Nat'l Park Hospitality Ass'n v. Dep't of Interior, 538 U.S. 803, 808 (2003) (citing Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967)).  Issues are fit for judicial review if the agency action was final and if the issues presented are purely legal.  Abbott Labs., 387 U.S. at 149; Sys. Application & Techs., Inc. v. United States, 691 F.3d 1374, 1384 (Fed. Cir. 2012).  In contrast, a claim is not ripe for adjudication if it rests upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." Int'l Customs Prods., 29 CIT at 1298 (quoting Texas v. United States, 523 U.S. 296, 296 (1998)).

Plaintiff argues that it plans to import more shipments in the near future and that a risk remains that Customs will impose a similar bond requirement.  <u>See</u> U.S. Auto's Opp'n Defs.' Mot. Dismiss 9–10, Sept. 5, 2018, ECF No. 84.  Plaintiff has not imported new entries, and Customs has not imposed any new bond requirements.  Because there is no final agency action for the court to review, Plaintiff fails to meet the first factor of the ripeness doctrine.  Plaintiff's speculative set of facts do not present a justiciable controversy for the court to decide.  The court concludes that Plaintiff's claims with respect to future entries are not ripe for adjudication and must be dismissed.

## CONCLUSION

For the aforementioned reasons, the court concludes that Plaintiff's causes of action with respect to entries already made are moot because Plaintiff has obtained its requested relief.  Plaintiff's causes of action with respect to future entries are too speculative and are not ripe for review.  Defendants' Motion to Dismiss is granted.  Because the court dismisses this case in its entirety, Plaintiff's Motion for Default Judgment is denied as moot.

Judgment will be entered accordingly.

      /s/ Jennifer Choe-Groves  
      Jennifer Choe-Groves, Judge

Dated:   November 8, 2018  
      New York, New York